**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5244**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUENTIN ORLANDO RUTLAND,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-02-31)

_____

Submitted: September 27, 2006        Decided: October 17, 2006

_____

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Quentin Orlando Rutland appeals his resentencing following this court's remand. See United States v. Rutland, No. 04-4080, 2005 WL 1317297 (4th Cir. June 3, 2005) (unpublished). We affirm Rutland's 235-month sentence.

Rutland was convicted by a jury of conspiracy to possess with intent to distribute and aiding and abetting in the possession with intent to distribute fifty grams or more of cocaine base. Because the district court determined that Rutland was responsible for 240 grams of cocaine base and that he had obstructed justice, Rutland was assigned an offense level of thirty-six. He was placed in criminal history category III, which resulted in a guideline range of 235 to 298 months. Rutland was sentenced to 235 months' imprisonment.

We vacated Rutland's sentence and remanded for resentencing because the district court's findings regarding drug quantity and obstruction violated United States v. Booker, 543 U.S. 220 (2005). On remand, the district court resentenced Rutland to the same 235-month term of imprisonment. Rutland appealed, contending his sentence is procedurally unreasonable because the district court failed to make specific findings on the record.

In post-Booker sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.

- 2 -

§ 3553(a) (2000), and impose a sentence. United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence imposed within a properly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Rutland's 235-month sentence, which was at the lowest end of the applicable guideline range, is presumptively reasonable. In imposing Rutland's sentence, the district court determined that it did "not perceive a reasonable basis for a variance or departure." The court further stated that there was "no reason" to alter its original finding that Rutland was responsible for 240 grams of cocaine base. Though the district court did not explicitly discuss § 3553(a) factors on the record, we conclude under the circumstances here that its disinclination to "robotically tick through § 3553(a)'s every subsection" does not render Rutland's sentence unreasonable. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006); see United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006), petition for cert. filed, __U.S.L.W.__ (U.S. June 20, 2006) (No. 05-11659).

Accordingly, we affirm Rutland's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -